An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-24

Filed 5 August 2026

Mecklenburg County, Nos. 22CR223003-590, 22CR223056-590, 22CR223057-590, 22CR223062-590, 22CR223063-590, 22CR223068-580, 22CR223069-590

STATE OF NORTH CAROLINA

v.

MATTHEW QUOI GBOZAH, Defendant.

Appeal by defendant from judgment entered 17 January 2025 by Judge Matthew Osman in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General John A. Payne, for the State.*

> *Tin Fulton Walker & Owen, PLLC, by Matthew G. Pruden, for defendant-appellant.*

PER CURIAM.

Defendant Matthew Gbozah appeals from the trial court's judgment sentencing him for trafficking cocaine, possession with intent to sell or deliver cocaine, selling cocaine, and delivering cocaine. Defendant asserts the trial court

reversibly erred by admitting testimony regarding a confidential informant's out-of-court statement that Defendant sold marijuana and cocaine. For the reasoning below, we hold Defendant received a fair trial, free from reversible error.

## I.  Background

The evidence at trial tended to show as follows: in March 2022, Detective Berry from the Charlotte-Mecklenburg Police Department ("CMPD") received a tip that Defendant was selling marijuana and cocaine out of his place of business, a beauty supply store.[1]  On 17 March 2022 Detective Berry, along with another CMPD Detective, Detective Ballard, visited the place of business as undercover agents. While in the store, the detectives noticed things around the store that were indicative of marijuana sales and they used that to spark conversation, asking Defendant if he knew anyone who sold marijuana. Defendant asked Detective Berry how much marijuana he would like. Detective Berry told him he wanted "a quake."[2] Defendant proceeded to take the detectives money to the back of the beauty store. Upon returning to the front of the store, Defendant handed the detectives two bags weighing seven grams.

The detectives returned to the store numerous times to request and receive marijuana and cocaine. Defendant never provided any indication that he had cocaine

---

[1] The Detective testified at trial regarding the tip, and over a hearsay objection, the testimony was admitted.

[2] "A quake" is slang for seven grams.

until Defendant offered Detective Ballard cocaine for $100.00 per gram on 15 June 2022. The detectives returned two more times, once on 22 June 2022 and again on 12 July 2022. Each time the detectives bought seven grams of marijuana and three and a half grams of cocaine.

On 14 July 2022, based on the 12 July 2022 visit, law enforcement officers executed a search warrant of the beauty shop. During the search, the law enforcement found and seized multiple suspected drugs. At trial, a forensic chemist testified that one of the seized drugs tested positive as cocaine in the amount of 88.18 grams, while another seized drug tested positive for methamphetamine.

Defendant received multiple indictments charging him with trafficking cocaine, possession with intent to sell or deliver cocaine, selling cocaine, and delivering cocaine. At trial, at the end of the State's evidence outside of the presence of the jury, Defendant made a motion to dismiss the methamphetamine charge for sufficiency of the evidence and asked for a directed verdict on the issue of entrapment. The trial court denied Defendant's requests. Defendant then testified on his own behalf and raised an entrapment defense.

On 17 January 2022, a jury returned a verdict of not guilty for possession with intent to sell and distribute methamphetamine charge, and a guilty verdict on all remaining charges. The trial court arrested judgment on the delivery charges and consolidated the remaining judgments. Defendant appeals.

II.   Analysis

On appeal, Defendant argues the trial court committed reversible error in admitting a hearsay statement made by an alleged confidential informant disclosing that Defendant sold marijuana and cocaine.

A trial court's determination on the admissibility of an out-of-court statement is reviewed de novo. *State v. Corbett*, 376 N.C. 799, 811 (2021). In cases regarding the admissibility of evidence, the burden is on the defendant to show prejudice. *State v. Milby*, 302 N.C. 137, 142 (1981).

> [An] evidentiary error does not necessitate a new trial unless the erroneous admission was prejudicial. A defendant is prejudiced by evidentiary error when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.

*State v. Wilkerson*, 363 N.C. 382, 415 (2009) (cleaned up).

Here, Defendant asserts the out-of-court statement at issue was prejudicial because it suggested he was predisposed to selling cocaine, hindering his entrapment defense. Additionally, Defendant asserts there was no other evidence that he sold cocaine prior to the undercover officers making multiple requests to purchase cocaine from him.

Assuming arguendo the trial court erred by admitting the out-of-court statement, Defendant has failed to meet his burden of proof to show prejudice. Even if the admission was error, the jury was still presented with ample evidence which could lead it to the same result. For example, the trial court repeatedly instructed

the jury that the challenged statement was admitted solely to explain the detectives' subsequent actions and not for the truth of the matter asserted. Further, the State presented substantial evidence independent of the challenged statement suggesting Defendant's predisposition to sell cocaine. Defendant immediately agreed to sell drugs to undercover detectives when asked whether he knew where to obtain some and demonstrated familiarity with drug terminology. The detectives subsequently purchased cocaine from Defendant on three separate occasions. Additionally, law enforcement recovered 88.18 grams of cocaine from the same storage room Defendant repeatedly used to retrieve drugs during the undercover transactions, despite purchasing only 8.67 grams of cocaine from Defendant during the investigation. Evidence further indicated the cocaine had been stored there for some time.

Given this evidence, Defendant has failed to demonstrate a reasonable possibility that exclusion of the challenged statement would have produced a different result at trial.

## III. Conclusion

For the reasons stated above, Defendant failed to establish prejudice from the admission of the challenged statement. Therefore, we conclude Defendant received a fair trial free from reversible error.

NO ERROR.

Panel consisting of Chief Judge DILLON and Judges WOOD and GORE.

Report per Rule 30(e).